**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **US BANK NATIONAL ASSOCIATION**, Trustee for the Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2006-BC5,<br><br>     Plaintiff,<br><br>v.<br><br>**FRED KELLY, and all other occupants**,<br><br>     Defendants. | Civil Action No. 7:15-CV-207 |

**ORDER**

This Court has a duty to inquire into its own subject matter jurisdiction *sua sponte* whenever it may be lacking.  Based on that inquiry and for the reasons outlined below, this action is REMANDED pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of Thomas County, Georgia because this Court lacks subject matter jurisdiction.

**I.     PROCEDURAL BACKGROUND**

In October 2015, pursuant to Georgia Law, Plaintiff U.S. Bank National Association filed a dispossessory proceeding in the Magistrate Court of Thomas County in an attempt to evict Defendant Fred Kelly and all other occupants from a home owned by Plaintiff.  (Doc. 1-1, p. 1).  Defendant Kelly removed the matter

to this Court on November 13, 2015, citing 12 U.S.C. § 95(a)(2) and 8 U.S.C. § 1481 as the basis for removal.  (Doc. 1, p. 1).

## II.   LEGAL ANALYSIS

When a notice of removal is filed, the Court is obligated to consider *sua sponte* whether jurisdiction is present and must remand the case to state court if it determines that it lacks jurisdiction.  See 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3); see also Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP, 365 F.3d 1244, 1245–46 (11th Cir. 2004) (recognizing that a district court may *sua sponte* remand the case for lack of subject-matter jurisdiction).

Title twenty-eight, section 1441(a) of the United States Code provides that a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."   28 U.S.C. § 1441(a). District courts have original jurisdiction over civil cases that present a federal question or that involve citizens of different states and exceed the $75,000.00 amount in controversy threshold.   See 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332(a) (diversity jurisdiction for citizens of different states).  However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  "[T]he burden is on the party who sought removal to demonstrate that federal jurisdiction exists."  Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281

n.5 (11th Cir. 2001) (citation omitted).  "[U]ncertainties are resolved in favor of remand."  Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint' rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.  The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (internal citation omitted).  Potential defenses and counterclaims involving the Constitution or laws of the United States are ignored.  Vaden v. Discover Bank, 556 U.S. 49, 60 (2009).

Here, Plaintiff relied exclusively upon state law when it filed this dispossessory proceeding in the Magistrate Court of Thomas County.  (Doc. 1-1, p. 1).  No federal question is presented on the face of Plaintiff's Complaint. There is also no evidence that warrants the application of an exception to the well-pleaded complaint rule, such as the complete pre-emption doctrine.  See Caterpillar, 482 U.S. at 393 (explaining the doctrine of complete pre-emption, which applies only when an federal statute completely pre-empts the relevant state statute).  Neither statute cited by Defendant pre-empts the applicable state law.  While 12 U.S.C. § 95(a)(2) does not exist, § 95(a) restricts member banks of the Federal Reserve System to powers prescribed by the Secretary of the Treasury, approved by the President.  Further, 8 U.S.C. § 1481 prescribes methods by which a person who is a United States national may voluntarily lose

his nationality, none of which apply to Defendant. Jurisdiction over the initiation and trial of a dispossessory action filed in Georgia lies exclusively with the state court system.  O.C.G.A. § 44-7-49, et seq.

In the event Defendant is attempting to invoke this Court's diversity jurisdiction, the Court still lacks requisite jurisdiction because Plaintiff's Complaint does not satisfy the amount in controversy requirement.  Rather, Plaintiff's claim is a request for possession of real property belonging to Plaintiff.  (Doc. 1-1, p. 1). A claim seeking ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy.  Green Tree Servicing, LLC v. Respert, No. 5:14-CV-183, 2014 WL 2946422, at *2 (M.D. Ga. June 30, 2014).

## III.   CONCLUSION

Kelly has failed to demonstrate that this court has subject matter jurisdiction over U.S. Bank National Association's claim.  Therefore, it is ordered that this action be REMANDED to the Magistrate Court of Thomas County, Georgia.  If there are no objections filed within fifteen (15) days of the entry of this Order, the Clerk is directed to REMAND this action to the Magistrate Court of Thomas County, Georgia.  Defendant Kelly's Motion for a Status Hearing (Doc. 3) is moot.

SO ORDERED, this the 24th day of November, 2015.

/s/ Hugh Lawson
HUGH LAWSON, SENIOR JUDGE

les